Filed Feb. 20, 1886.

———————

No. 12,702.

HOCKETT v. THE STATE.

From the Marion Criminal Court.

*J. E. McDonald, J. M. Butler, A. L. Mason, T. A. Hendricks, C. Baker, O. B. Hord, A. W. Hendricks, A. Baker, E. Daniels, N. Williams, J. L. Thompson,* and *C. S. Holt,* for appellant.

*F. T. Hord,* Attorney General, *A. C. Harris, W. H. Calkins, C. Byfield* and *L. Howland,* for the State.

NIBLACK, C. J.—On the 25th day of July, 1885, William K. Thompson requested the Central Union Telephone Company, a corporation owning and controlling a system of telephone lines, and a telephone exchange, at the city of Indianapolis, in this State, to rent to him, and to place in position for his use, in the same building with its telephone exchange, a telephone, and to connect such telephone with the exchange. In response to that request the company entered into a written contract with Thompson to let him have the use of " one set of telephone instruments as per equipment noted on the back," that is to say, one hand telephone, one Blake transmitter, one magneto bell and one cell battery, and to connect them with its exchange, for his use, upon certain specified conditions, for which he agreed to pay the company $10 per quarter, or $3.33⅓ per month. The company placed the instruments in position as provided by the contract for the use of Thompson, and John E. Hockett, the appellant, acting as the division superintendent and general agent of the company at Indianapolis, afterwards demanded and received from Thompson rent for the use of such instruments at the rate of $3.33⅓ per month, the amount agreed upon by the contract. Thereupon an information was filed against Hockett charging him with a violation of the provisions of the act entitled "An act to regulate the rental allowed for the use of telephones, and fixing a penalty for its violation," approved April 13th, 1885 (Acts 1885, p. 227), in so demanding and receiving from Thompson rent for such telephonic instruments at a rate in excess of three dollars per month. Upon a trial the appellant was found guilty as charged, and was adjudged to pay a fine as for the commission of a public offence.

All the controlling questions, whether of law or of fact, involved in this appeal, were considered, discussed and decided in the case of *Hockett* v. *State, ante,* p. 250, known as the Haughey case, and upon the authority of that case the judgment in this case is affirmed, with costs.

Filed March 3, 1886.