Johnson v. The State.

Filed Jan. 25, 1888.

113  143
114  600
118  207

No. 14,143.

## JOHNSON v. THE STATE.

TELEPHONE.—*Rental.*—*Violation of Statute Fixing.*—*Criminal Law.*—One who, being the owner and operator of a telephone line, in violation of the provisions of the act of April 13th, 1885 (Acts of 1885, p. 227), charges and collects a monthly rental in excess of three dollars, the rate fixed by such act for one telephone, is subject to the penalty therein prescribed.

SAME.—*Extra Charge for Non-Subscribers.*—A fixed charge of one dollar per month, in excess of the three dollars allowed by the statute, for non-subscribers, which is charged and collected whether the telephone is used by non-subscribers or not, and without regard to the number of such persons who may use it, is a violation of the law.

From the Knox Circuit Court.

*G. G. Reily*, for appellant.

*L. T. Michener*, Attorney General, *J. C. Adams*, Prosecuting Attorney, *J. H. Gillett* and *B. M. Willoughby*, for the State.

HOWK, J.—In this case, appellant, Johnson, was indicted, tried by the court and found guilty of the public offence which is defined, and its punishment prescribed, in and by the provisions of sections 1 and 3 of an act of the General Assembly of this State entitled "An act to regulate the rental allowed for the use of telephones, and fixing a penalty for its violation," approved April 13th, 1885. Acts of 1885, pp. 227 and 228. Over appellant's motion for a new trial, the court rendered judgment against him for the fine assessed and the costs of prosecution.

From such judgment, defendant has appealed to this court, and has here assigned errors which call in question the overruling (1) of his motion to quash the indictment, and (2) of his motion for a new trial.

The indictment in this case charged that the defendant, " Lenson Johnson, on the 1st day of September, 1887, at said county of Knox, and State of Indiana, was then and there, and now is, the proprietor, controller and operator of a telephone line in the city of Vincennes, in the county of Knox, and State of Indiana; that, as such proprietor, controller and operator of said telephone line, he, the said Lenson Johnson, rented to one Lute Wile, of said city, for and during the month of August, 1887, one telephone, and only one, connected to and with said telephone line; that, at said county of Knox, in the State of Indiana, on the 1st day of September, 1887, he, the said Lenson Johnson, did then and there unlawfully charge and collect from said Lute Wile, for the use of said telephone for and during the month of August, 1887, the sum of one dollar in excess of the rate fixed by law for the use of said telephone for one month, to wit, that said Lenson Johnson did charge and collect from the said Lute Wile, for the use of said telephone for and during the month of August, 1887, the sum of four dollars, contrary to the form of the statute," etc.

The question of the sufficiency of the indictment herein, the substance of which we have quoted, is not discussed by

appellant's learned counsel in his brief of this cause. The error of the court below, if it were an error, in overruling the motion to quash such indictment, under the settled practice of this court, is thereby waived and will not be considered.

Appellant's counsel " claims the reversal of the judgment, for the reason that the evidence does not tend to support the finding and judgment." Before considering the question of the sufficiency of the evidence to sustain the finding of the court, we will first set out the sections of the statute which define the public offence for the alleged commission whereof defendant was indicted, and prescribe the penalty therefor. In section 1 of the above entitled act, it is enacted " That no individual, company or corporation, now or hereafter owning, controlling or operating any telephone line in operation in this State shall be allowed to charge, collect or receive as rental for the use of such telephones, a sum exceeding three dollars per month where one telephone only is rented by one individual, company or corporation. Where two or more telephones are rented by the same individual, company or corporation, the rental per month, for each telephone so rented shall not exceed two dollars and fifty cents per month."

Section 3 of such act reads as follows: "Any owner, operator, agent or other person, who shall charge, collect or receive for the use of any telephone, any sum in excess of the rates fixed by this act, shall be deemed guilty of a public offence, and on conviction shall be fined in any sum not exceeding twenty-five dollars."

We may premise that in the carefully considered case of *Hockett* v. *State*, 105 Ind. 250 (55 Am. R. 201), we held that the State has the right to prescribe the maximum rental which a telephone company, or any individual, company or corporation owning, controlling or operating any telephone line within the State, may charge for the use of telephones, and that the above entitled act of April 13th, 1885, is a

constitutional and valid law. *Hockett* v. *State*, 105 Ind. 599; *Cent. Union Telephone Co.* v. *Bradbury,* 106 Ind. 1.

On the trial of this cause, Lute Wile, a witness for the State, testified that he rented of defendant, and used at his store in the city of Vincennes, Indiana, in the months of July and August, 1887, one, and only one, telephone; that, on the 1st day of July, 1887, defendant delivered to him, witness, a printed notice in the words and figures following, to wit: (We omit this notice. It showed that defendant divided his telephone customers into six classes, charging each class, in such notice, a uniform monthly rental of $3, to which rental he added monthly sums ranging in the different classes from fifty cents to $2 " per month for non-subscribers.") Witness testified that defendant put him, witness, in class 3, which thus appears in such printed notice:

" CLASS 3—75 to 90 messages per mo., $3 per mo. rental; $1 per mo. for non-subscribers; $4."

Witness further testified that defendant subsequently collected from him, witness, four dollars per month for each of the months of July and August, 1887, for the use of said telephone; that, during said months, a number of business men, not connected with nor in any way interested in the business of witness in his store, where he used such telephone, used his telephone to send messages to various persons in the city about their own business; and that Coony Schafer, Egbert Bush, and any one who wished to use such telephone, came in whenever they wished, and used it in their own business. It was then admitted, for the purpose of the trial, that defendant was the proprietor of said telephone and wire. The State then put in evidence the following receipted bill, to wit:

" VINCENNES TELEPHONE EXCHANGE,

" VINCENNES, IND., Sept. 1st, 1887.

" Mr. L. Wile: To telephone rental and non-sub. use, for month of Aug., $4. Received payment.

(Signed)    " L. JOHNSON, Prop."

And said Wile testified that such bill was presented by defendant to him, Wile, on the 1st day of September, 1887, and he paid the same to defendant. And the State rested.

Defendant testified as a witness in his own behalf that he had charged and collected of Lute Wile four dollars for each of the months of July and August, 1887, for the use of the telephone kept by him in his store in those months; that three dollars of that sum each month was for the use of said telephone by said Wile, and one dollar each month was for the use of other persons outside of said Wile's store, and not connected in any way with his business in said store; that he made a contract and served him with the notice read in evidence in this cause; that he kept at the central station of his telephone in Vincennes, an account of all the messages sent out from Lute Wile's store; and that during the months of July and August, 1887, one-third of all the messages were sent out by persons outside and wholly disconnected from said Wile in his said business. This was all the evidence given in said cause.

We are of opinion that this evidence fully sustains the finding of the trial court. It clearly showed that defendant owned, controlled and operated a telephone line in the city of Vincennes, in this State; that, in connection with such telephone line, he rented one telephone, and only one, to Mr. Lute Wile, of such city, for use in his store; and that he charged, collected and received from Mr. Wile, as rental for the use of such telephone, a sum exceeding three dollars per month, to wit, the sum of four dollars per month. Defendant was clearly guilty, therefore, of the public offence which is defined in and by the above entitled act. It is true that defendant divided the monthly sum of four dollars, which he charged and collected from Mr. Lute Wile for the use of "one telephone only," into two items, one of which he designated as rental and the other as a monthly charge "for non-subscribers;" but, divide the four dollars as he might, and designate the items as he might, the fact remains and is ap-

parent that defendant did thereby " charge, collect or receive, for the use of one telephone only, a sum in excess of three dollars per month," to wit, the sum of four dollars per month. Having done this, the statute says he " shall be deemed guilty of a public offence," etc.

It will be observed that defendant's charge of one dollar per month for the use of the telephone by non-subscribers is as fixed as the rental charge, and is charged for each and every month, whether the telephone is used by non-subscribers or not, and without regard to the number of non-subscribers who may use such telephone.

We find no error in the record of this cause.

The judgment is affirmed, with costs.

NIBLACK, J., took no part whatever in the consideration or decision of this cause.

