[No. 1303, August 9, 1910.]

## THE COLORADO TELEPHONE COMPANY, Appellant, v. CHARLES G. FIELDS, Appellee.

### SYLLABUS.

1. A grant to a public service corporation as well as a contract with it by a municipality, in case of ambiguity or doubt, are to be construed favorably to the rights of the public.

2. Where a contract as a whole discloses a given intention, if certain words or clauses taken literally would defeat the intention, it will be construed, if possible, so as to be consistent with the general intention.

3. In a contract between a public service corporation and a municipality, the municipality did not intend to prescribe maximum rental rates for only a portion of its inhabitants within the district mentioned in the contract. The

words "per annum" were therefore inserted in the contract as furnishing a mode of computation for a rental charge for all of the people and not merely for the people who would make an annual contract.

4. A public service corporation cannot adopt a regula tion which will result in increasing a rental charge above what has been fixed by contract as a maximum charge.

5. The obligation to furnish telephone service at not to exceed a specified rental charge must include the installa- tion of a usable appliance connected with a system.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice.    Affirmed.

MARRON & WOOD for Appellant.

The power to limit the charges of public service cor- porations, in order to be exercised by municipal authori- ties, must be expressly delegated to them by the legislature, and is not included in power to regulate the use of streets. 27 A. & E. Enc. 1020; St. Louis v. Bell T. Co., 96 Mo. 623, 2 L. R. A. 278; Macklin v. Home Tel. Co., 24 Ohio C. C. 446; State ex rel v. Sheboygan, Wis., 86 N. W. 657; C. L. 1897, sec. 2402, sub-secs. 3, 11; Oregon Ry. & N. Co. v. Oregon Ry. Co., 130 U. S. 1; Perrine v. C. & D. Co., 9 How. 172; C. & P. Tel. Co. v. Manning, 186 U. S. 238; Robbins v. B. R. & E. Co., Me., 1 L R. A., N. S. 963; Hacket v. State, 105 Ind. 250, 55 Am. Rep. 201.

Incident to and arising out of the obligation of pub- lic service corporations to serve all impartially, is their common law right to make all necessary rules and regu- lations governing that service, subject only to the provision that they must be reasonable, and to exact compliance with these rules and regulations from all applicants.    27 A. & E. Enc. 1021, 1037; Williams v. Mutual Gas Co., 52 Mich. 499, 50 Am. Rep. 266; W. U. Tel. Co. v. Harding, Ind., 3 N. E. 172; Hewlett v. Tel. Co., Tenn., 28 Fed. 181; W. U. T. Co. v. McGuire, Ind., 2 N. E. 201; 27 Enc. 1021, 1037; 14 A. & E. 930, notes 6, 7; Morris v. Atlantic

Ave. Ry., 116 N. Y. 552; B. C. T. Co. v. Turner, Neb., 19 L. R. A., N. S. 693; Jones on Telephone Cos., sec. 226.

HICKEY & MOORE for Appellee.

Contracts constituting a single transaction are construed together. Hanning v. Mueller, 82 Wis. 241, 52 N. W. 100; Beckman v. Beckman, 86 Wis. 659, 57 N. W. 1119; Joy v. St. Louis, 138 U. S. 1, 34 L. ed. 843, 845; Gildart v. Gladstone, 12 East. 633; Dubuque & P. R. Co. v. Litchfield, 23 How. 66, 16 L. ed. 500, 509.

The franchise should be strictly construed against the grantee. Oregon Ry. and Nav. Co. v. Oregonian Ry. Co., 130 U. S. 1, 32 L. ed. 837, 842; Charles River Bridge v. Warren Bridge, 36 U. S. 11 Pet. 420, 9 L. ed. 773; Dubuque & P. R. Co. v. Litchfield, 64 U. S. 23 How. 66, 16 L. ed. 500. Nothing passes but what is conveyed in clear and explicit language. Central Transportation Co. v. Pullman Palace Car Company, 139 U. S. 1, 35 L. ed. 65; Holyoke W. P. Co. v. Lyman, 82 U. S.; 15 Wall. 500, 21 L. ed. 133; The Binghampton, 70 U. S., 3 Wall. 51, 75, 18 L. ed. 137, 143; Rice v. Minnesota & N. W. R. Co., 66 U. S. 1; Black 355, 380, 17 L. ed. 147; Northwestern Fertilizing Co. v. Hyde Park, 97 U. S. 666, 24 L. ed. 1038; Hannibal and St. Joe R. R. Co. v. Mo. River Packet Co., 124 U. S. 271, 31 L. ed. 735; Stein v. Rienville Water Supply Co., 141 U. S. 67, 80, 35 L. ed. 622; Perrine v. The Chesapeake & Delaware Canal Co., 9 How. 172, 13 L. ed. 97; Omaha Water Works Co. v. Omaha, 147 Fed. 1; 12 L. R. A., N. S. 736, 743; Indiana Ry. Co. v. Hoffman, 69 N. E. 398, 402; Muncie, etc., Gas Co. v. City of Muncie, 66 N. E. 436, 442; Joy v. City of St. Louis, 138 U. S. 1, 34 L. ed. 843, 854, 855; Charles River Bridge v. Warren Bridge, 11 Pet. 420, 544, 547, 548, 9 L. ed. 773, 822, 824; St. Clair Turnp. Co. v. Illinois, 96 U. S. 63, 68, 24 L. ed. 651, 652; Oregon R. & Nav. Co. v. Oregonian R. Co., 130 U. S. 1, 26, 32, L. ed. 837, 842, 9 Sup, Ct. Rep. 689, 691; Coosaw Min. Co. v. South Carolina, 144 U. S. 550, 562, 36 L. ed. 537, 542, 12 Sup. Ct. Rep. 689, 691; Slidell v. Grandjean, 111 U. S. 412, 438, 28 L. ed.

321, 330, 4 Sup. Ct. Rep. 475; Knoxville Water Co. v. Knoxville, 200 U. S. 22, 50 L. ed. 353, 359; 27 A. & E. Enc. 1020; St. Louis v. Bell T. Co., 96 Mo. 623; State ex rel v. Sheboygan, 86 N. W. 657; Macklin v. Home Tel. Co., 24 Ohio C. C. 446.

A municipal corporation has power to stipulate as to the maximum rates to be charged. Muncie Natural Gas Co. v. Muncie, 66 N. E. 436; Henry J. Boerth v. Detroit City Gas Co., 152 Mich. 654; Westfield Gas & Milling Co v. Mendelhall, et al., 142 Ind. 538, 41 N. E. 1033; Zanesville v. Zanesville Gas-Light Co., 47 Ohio State 1, 23 N. E. 55; Allegheny v. Millville E. & S. Street R. Co., 159 Pa. 411, 28 A. 202; Robins v. B. R. & E. Co., 1 L. R. A., N. S. 963; C. L. 1897, sec. 2402, sub-secs. 3, 11; People West Side Street R. Co. v. Barnard, 110 N. Y. 548; Detroit v. Detroit City R. Co., 37 Mich. 558; C. & P. Tel. Co. v. Manning, 186 U. S. 238; Gas & Electric Light Co. v. Gaines, 49 S. W. 462.

The company has no right or power to change or modify a public contract by any rules or regulations which it may adopt. Note: 10 Am. St. Rep. 131; State v. Bell T. Co., 23 Fed. 539; Cumberland T. & T. Co. v. Hobart, 42 S. 349; Gas Elec. Light Co. v. Gaines, 49 S. W. 462; Louisville Gas Co. v. Dulaney & Alexander, 36 L. R. A. 125; Cent. U. Tel. Co. v. Bradbury, 106 Ind. 1, 5, N. E. 721; Johnson v. State, 113 Ind. 143, 15 N. E. 217; Cent. U. Tel. Co. v. Falley, 118 Ind. 194, 10 Am. St. Rep. 114.

## STATEMENT OF FACTS.

The appellant received from the City of Albuquerque a grant of a privilege and a license to erect in, upon, across and along and under all streets and alleys of the City of Albuquerque, such poles, wires and fixtures, and to construct such underground conduits as may be necessary for the operation of a telephone exchange in said city. Section 6 of the ordinance making said grant is as follows:

"Section 6. This franchise shall be null and void unless the said Colorado Telephone Company, its successors or assigns, shall within fifteen days from the date of the passage hereof, execute and enter into a contract with the

mayor and city council relative to conditions not provided for * * * * * *."

Appellant thereupon has entered into a contract with the City of Albuquerque, and, among other things, obligated itself "to maintain telephone rental rates, and not to exceed the following amounts within a radius of one mile of its central office in Albuquerque, * * * *; 1 party residence, $36.00 per annum."

Appellee, a resident of the City of Albuquerque, applied to appellant to install one of its phones in his residence for a term of three months, and pursuant to the request the appellant installed a set of its instruments at an expense of $2.50. Thereafter, appellee moved his place of residence to another locality in the city and applied to the appellant to move its instruments so supplied to him to his last place of residence and to install the same for a term of three months. The appellant, pursuant to the request, did remove the instruments and install them in the appellee's last named place of residence at an expense of $2.00. At the time appellee applied for the installation of the phone, and when he applied to have the same removed to his last place of residence, he was aware of the existence of a rule theretofore promulgated by appellant, to the effect that on all contracts for less than one year's rental, a charge of $2.50 would be made for installation and a charge of $2.00 for removal of instruments. Appellee refused to make a contract for one year's rental and refused to pay the installation and removal charges. Thereupon appellant brought its action for $4.50 against appellee. Appellee demurred to the complaint upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, and the appellant, electing to stand upon its complaint, the cause was dismissed at the cost of appellant. From this judgment appellant appeals.

## OPINION OF THE COURT.

PARKER, J.—From the foregoing statement it appears that there is a single question involved in this appeal,

viz., What is a proper construction of the charter and contract of appellant?

Appellee contends in support of the judgment of the court below that in construing a grant of power to corporations of the class of appellant, it is to be strictly construed against the grantee and that nothing passes but what is conveyed in clear and explicit terms and cites in support of his proposition Oregon Ry. and Nav. Co. v. Oregonian Ry. Co., 130 U. S. 1; Central Transportation Co. v. Pullman's Palace Car Co., 139 U. S. 24, and many other cases from the Supreme Court of the United States. Appellant does not deny this proposition, but, on the other hand, expressly admits it as correct. Appellant, however, attempts to draw a distinction between the grant of a right of this nature and a contract made in pursuance of such grant, and as a condition therefor. He claims that a different rule of construction is to be adopted in regard to the contract. Counsel cites in support of this proposition C. & P. Tel. Co. v. Manning, 186 U. S. 238. We do not deem that case as applicable to the facts in this case. In that case the question was whether an act of Congress prohibiting a charge of "more than $50 per annum for the use of a telephone on a separate wire," included such additional equipment as a wall cabinet, auxiliary bells, etc. In view of those facts, the court said: "In other words, there is no presumption of an intent to interfere with the management of a private corporation of its property any further than the public interests require, and so no interference will be adjudged beyond· the clear ·letter of the statute." On the other hand, appellee cites Omaha Water Works Co. v. Omaha, 147 Fed. 1, a case in the Circuit Court of Appeals for the Eighth Circuit, in which the court, after examining numerous cases, extracts from them the following rule, which we adopt, viz.: "Where the meaning of a grant or contract regarding any public franchise is ambiguous or doubtful, it will be construed favorably to the rights of the public. Where the grant or the contract is clear·and plain it will be protected and enforced."

It thus appears that the true rule is that both the

grant and the contract, in case of ambiguity or doubt, are to be construed favorably to the rights of the public, and we so hold.

In the consideration of this contract a certain other well known rule of construction is applicable. Where a contract as a whole discloses a given intention, if certain words or clauses taken literally would defeat the intention, it will be construed, if possible, so as to be consistent with the general intention. 2 Page on Con., Sec. 1113.

Another consideration entering into a proper construction of this contract is as to the proper definition of the words "per annum" in relation to the rental charge. The words "per annum", of course, usually mean by the year, but they have often been held to have a somewhat different meaning. Thus, in Ramsdell v. Hulet, 50 Kan. 440, the words "per annum" in a note were held to mean merely the rate of interest and had nothing to do with the time when the interest was to be paid. To the same effect, Cooper v. Wright, 23 N. J. L. 200, and Tanner v. Investment Co., 12 Fed. 648.

In State v. McFetridge, 64 Wis. 130, the court held, that in fixing the rate of license for railroads, "per annum" meant in the year preceding the date of fixing the license, Cassidy, J., strongly dissenting, and applying the same construction to the words "per annum" which we do in this case.

In Haney v. Caldwell, 35 Ark. 156, it was held that a contract to pay an engineer $2500 per annum salary was not an employment for a definite period, but that the words "$2500 per annum" were a mere measure of compensation.

In Stanford v. Varnish Co., 43 N. J. L. 151, a contract increasing the salary of an employee in the sum of $104 per annum merely increased the weekly salary and did not convert the contract into an annual one. The words "per annum" were used only as a mode of computation.

In view of what has been heretofore stated we may

approach the consideration and construction of this contract as follows:

A public service corporation is desirous of securing a charter authorizing it to use the streets of the City of Albuquerque for its purposes in the construction, maintenance and operation of a telephone system. The city council is desirous of protecting the people of the City of Albuquerque from unjust charges for telephone service, and consequently exacted from the public service corporation the contract in question. It is perfectly apparent that the city council did not intend to prescribe maximum rental rates for only a portion of its inhabitants within the district mentioned in the contract. It proposed to prescribe maximum rental rates for all of its people. It, therefore, did not contract merely for those people who would make an annual contract for a telephone, but the words "per annum" were inserted in the contract as furnishing a mode of computation merely for a rental charge. This evidently was the sense in which the words were used by the city. To conclude otherwise would be to convict the city council of the grossest failure in duty.

In view of the rules of construction herein before noted, there seems to be no difficulty whatever in holding that this is the true construction to be placed upon this contract. It is clearly susceptible of such construction and the rules of construction seem to require it.

Appellant seeks to justify the charges for installation and removal on the ground that they are made in pursuance of a reasonable regulation on their part. We cannot understand, however, that a regulation can under any circumstances be adopted by a public service corporation which will result in increasing a rental charge above what has been fixed by contract as a maximum charge. This was attempted in Johnson v. State, 113 Ind. 143, and it was held to be invalid. And the obligation to furnish telephone service at not to exceed a specified rental charge certainly must include the installation of a usable appliance connected with a system.

For the reasons stated the judgment of the lower court will be affirmed; and it is so ordered.