408 P.2d 140

**Louis RUBENSTEIN and Howard M. Rosenthal, Plaintiffs-Appellants,**

**v.**

**Robert H. WEIL and Suzanne H. Weil, Defendants-Appellees.**

**No. 7663.**

Supreme Court of New Mexico.

Nov. 22, 1965.

Stephenson & Olmsted, Santa Fe, for appellants.

Kellahin & Fox, Santa Fe, for appellees.

NOBLE, Justice.

Louis Rubenstein and Howard M. Rosenthal, plaintiffs below, have appealed from a judgment dismissing their complaint for failure to state a claim upon which relief can be granted.

The facts upon which the case rests where the complaint is attacked as failing to state a cause of action are the facts alleged in the complaint. Jones v. International Union of Operating Engineers, 72 N.M. 322, 383 P.2d 571.

The facts here may be summarized from the allegations of the complaint and its attached exhibits, thus: The plaintiffs entered into a written contract with Robert H. Weil and his wife, defendants below, whereby the parties expressed their intention to jointly participate in the development of 2010.52 acres of State land in Santa Fe County, which was included in a larger tract of some 7300 acres of State land. Defendants agreed to bid on the land at public sale and if they were successful in acquiring it at $10 or less per acre, they agreed to sell and plaintiffs to buy an undivided one-half interest in the 2000-acre tract. If defendants acquired the land at a price in excess of $10 per acre, plaintiffs were given an option to buy a one-half interest in the 2000-acre tract at a price to be computed on a formula, reading:

"The per acre price to the Purchaser here is the amount of the per acre price on the 7,300 acres plus $1.00 per acre divided by two times 2,010.52, to be paid the Sellers here by the Purchasers here on or before December 10th, 1962."

Defendants did contract with the State to buy the entire tract for $377,990.00, payable in thirty years. The option provided that upon its exercise plaintiffs could require defendants to pay the entire balance

due to the State, prior to plaintiffs being required to pay for the one-half interest in the 2000-acre tract. This was so defendants could transfer title to plaintiffs. On July 9, 1962, plaintiffs wrote defendants advising that they exercised their option to purchase and demanded that defendants pay the balance owing on their contract with the State. Among other things, the letter said: "The formula price therein contained is $52.36 x 2,010.52 acres, divided by 2, for an undivided half interest, which sum is $52,635.42." There was also attached to the complaint a letter from defendants to the escrow agent, reading:

"The purpose of this letter is to instruct you not to deliver the deed in your possession to Mr. Rubenstein or Mr. Rosenthal since I have informed them that it is impossible to complete this matter."

■ A complaint which is challenged for failure to state a cause of action is to be examined in the light of the rule that all facts well pleaded are to be taken as true, and that the complaint will only be dismissed where it appears that under no state of facts provable under the claim could plaintiff recover or be entitled to relief, Jernigan v. New Amsterdam Casualty Company, 69 N.M. 336, 367 P.2d 519; Fullerton v. Kaune, 72 N.M. 201, 382 P. 2d 529. So viewing the complaint here,

we think the trial court erred in dismissing it.

■ Section 20–2–8, N.M.S.A.1953, reading:

"Every contract in writing hereafter made shall import a consideration in the same manner and as fully as sealed instruments have heretofore done[,]"

makes the option agreement sufficient to withstand the attack of a motion to dismiss for failure to allege consideration. Flores v. Baca, 25 N.M. 424, 184 P. 532.

■ Defendants suggest that the formula for computing the purchase price of the one-half interest in the 2010.52-acre tract, expressed in the written agreement between the parties is ambiguous. They have suggested that the formula is susceptible of several different constructions as the amount of the purchase price. We think it would serve no useful purpose to discuss each of them here. A cardinal rule in the construction of a contract is to give it the meaning intended by the parties, Fuller v. Crocker, 44 N.M. 499, 105 P.2d 472; Eagle Tail, Inc. v. Orris, 69 N.M. 386, 367 P.2d 700; Hondo Oil & Gas Co. v. Pan American Petroleum Corp., 73 N.M. 241, 387 P.2d 342; and courts are primarily interested in giving effect to such intention of the parties rather than to the technical verbiage used to express it. Courts will not resort to grammatical niceties or tech-

nicalities of punctuation unless they may be utilized to make plain that which is otherwise obscure. Hughes v. Samedan Oil Corp., 166 F.2d 871 (10th Cir.1948).

■ The defendants seriously argue that their contract with the State, attached to the complaint, calls for a total of 7350.62 acres instead of 7359.62 acres, as contended by plaintiffs, thus making the purchase price per acre $51.42 instead of $51.36, used in computing the amount of the tender by plaintiffs. Our examination of the xeroxed copy of the State contract leads us to the conclusion that it is unclear whether the figure is "0" or "9," and, accordingly that the total acreage therein expressed is just as susceptible of reading 7359.62 acres as of 7350.62 acres. We, therefore, cannot say, as a matter of law, that the tendered amount of the purchase price was less than required by the option agreement. Nor can we agree that as a matter of law the option contract calls for $1.00 per acre to be added to the per-acre price paid to the State. We think the complaint alleges a tender by plaintiffs within the terms of the option agreement.

■ Defendants argue that the following clause in the State purchase contract:

"THE PURCHASER HEREIN EXPRESSLY RESERVES the right to reduce the unpaid principal herein on any anniversary date hereof, by the payment of not less than one-thirtieth of ninety-five per centum of the purchase price[,]"

prevents them from paying the balance to the State as demanded by plaintiffs in accordance with the agreement between the parties. This, they assert, makes applicable as a matter of law the defense of impossibility of the promised performance. But the question of whether impossibility is a defense, or, if it is, whether such a defense is available, is not before us at this time and we therefore express no opinion. We find nothing in the State contract which prohibits acceptance of the remaining balance at any time; consequently, the complaint itself does not show impossibility of performance as a matter of law.

In view of express language in the written instrument between the parties hereto granting an option to buy if the purchase price exceeded $10 per acre, we find nothing requiring the contract to be construed as ineffective if the price exceeded that sum. Nor can it be said, as a matter of law, that unanticipated circumstances have made performance of the defendants' promise to pay the balance due the State vitally different from that reasonably contemplated by the parties when the agreement was entered into. We think Wood v. Bartolino, 48 N.M. 175, 146 P.2d 883; Sanders v. Freeland, 64 N.M. 149, 325 P.2d 923; and Colorado Telephone Co. v. Fields, 15

N.M. 431, 110 P. 571, 30 L.R.A.,N.S., 1088, relied upon by defendants, are neither controlling nor persuasive in considering the problem presented by a motion to dismiss the complaint.

The contract as originally drafted contained a liquidated damage clause which was crossed out with pen and ink. Because of such deletion, defendants argue that they are without liability for damages occasioned by their breach of the agreement. They seek to avoid the effect of the change in the damage clause written into the contract by pen and ink and initialed by each of the parties, expressly granting plaintiffs the right to recover under any remedy permitted by law, by the argument that plaintiffs' remedy was thus limited to specific performance. They then assert that the complaint fails to state a cause of action because it failed to ask for specific performance. We cannot agree. Pecuniary damage for breach of contract is likewise a remedy permitted by law. The complaint is sufficient to withstand the attack made against it.

It follows that the complaint should be reinstated on the docket and the cause proceeded with further in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.