EAGLE THRIFTY DRUGS & MARKETS, INC., A NEVADA CORPORATION, APPELLANT, v. INCLINE VILLAGE, INC., A NEVADA CORPORATION, AND DOUGLAS NORTHPOINT, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 7094

December 31, 1973                    517 P.2d 786

*Robinson & Cassas,* of Reno, for Appellant.

*Goldwater, Hill, Mortimer & Sourwine, Ltd.,* of Reno, for Respondent Douglas Northpoint, Inc.

*McDonald, Carano, Wilson & Bergin,* of Reno, for Respondent Incline Village, Inc.

## OPINION

By the Court, ZENOFF, J.:

Appellant sought to enjoin the sale of certain real property located at Incline Village, Lake Tahoe, by or to any of the respondents, or in the alternative, that the court decree that the

purchaser would hold title subject to the appellant's right of first refusal to lease said property pursuant to agreement executed by the appellant and the respondents' predecessor in interest. The trial court rendered summary judgment in favor of the respondents declaring that the right of first refusal claimed by the appellant is void and a nullity.

The sole issue for our consideration on appeal is whether the property in question is encumbered by appellant's "first right to lease."

In April of 1965, appellant agreed in writing to lease certain real property located at Incline Village from Lakeview Shopping Center, Inc., a subsidiary of Crystal Bay Development Company, for a term of 20 years with an option to renew. At the same time, Crystal Bay and the appellant executed an agreement giving the latter a first right to lease certain described property for supermarket purposes pursuant to terms and conditions set forth in this agreement.[1]

Crystal Bay, in contemplation of the development of a primary shopping center for Incline Village and in consideration of appellant's lease with Lakeview, agreed that appellant would be granted a first right to lease any building or portion thereof which would be constructed or used as a supermarket on any of the described real property. It was agreed that from date of receipt of notice of intention to lease, appellant was to have 30 days within which to accept or reject the lease. The agreement purported to bind Crystal Bay's successors and assigns.

The Crystal Bay-Eagle Thrifty agreement was duly recorded and respondents were at all relevant times aware of its provisions.

1. It is respondents' contention that Nevada does not recognize a right of first refusal to lease real property. For this conclusion they claim the support of our decision in City of Reno v. Silver State Flying Service, 84 Nev. 170, 438 P.2d 257 (1968). In Silver State, the plaintiff sought damages for anticipatory breach of a lease agreement containing the following provision: ". . . Lessee shall have a right of first refusal to

---

[1]The heart of the agreement reads as follows: "[t]hat party of the first part (Crystal Bay) agrees that before any building is leased for the purpose of a supermarket, that party of the first part, or its successors or assigns, shall first notify the party of the second part, in writing, of its intention to lease such building or portion thereof for the purpose of a supermarket, and in said notice shall state the area of the proposed demised premises, the type of construction, and the proposed terms and conditions of the lease agreement."

extend this lease for such term and on the same conditions and terms offered to any other person for the uses contemplated in the agreement." The trial court instructed the jury that they could consider damages for breach of the right of first refusal in addition to damages for breach of the principal lease. We disallowed such damages saying that the entire renewal provision was too indefinite and uncertain to be regarded as a binding agreement. This decision was and is correct insofar as it controls in an action to recover damages for breach of an executory right of first refusal and can be explained by the speculative and uncertain nature of such damages. We would, however, put to rest any notion that this decision can be interpreted to mean that a right of first refusal contained in a lease governed by Nevada law is a nullity in an action to specifically enforce such right when the underlying contract is sufficiently definite to grant equitable relief.

2. Respondents urge that the right of first refusal contained in the Crystal Bay-Eagle Thrifty agreement is too vague and indefinite to be specifically enforced and is in essence only an agreement to agree or an agreement to negotiate in the future.

A right of first refusal is sometimes said to be a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good-faith offer by a third person if the owner manifests a willingness to accept the offer. Once the owner manifests such willingness, the right of first refusal, heretofore an executory right, ripens into an option. See Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (Fla.App. 1970). In other cases, the expression "first-refusal basis" has been said to give the prospective purchaser the first right to buy upon terms established by the seller, the corollary of such agreement, whether or not expressed, being that the owner will not sell to any other party at more favorable terms. See Bennett Veneer Factors, Inc. v. Brewer, 441 P.2d 128 (Wash. 1968).

The Crystal Bay-Eagle Thrifty agreement is subject to the following interpretation: Crystal Bay and its successors and assigns of that portion of the property described in the agreement which is designated for a supermarket are bound by the terms of the first right of refusal. Whether the potential lessor initiates an offer for a lease arrangement or whether the suggestion comes from a third party, once the lessor manifests a willingness to enter into a lease on stated terms and conditions, the appellant must be given a first opportunity to lease upon such terms and conditions. The lessor is precluded from making

a spurious offer which he knows will be refused so that he may approach a third party on more favorable terms. Of course, the holder of the property is not required to lease nor is he obliged to offer or to accept an offer which is not satisfactory. On the other hand, the holder of the right of first refusal must be given a first opportunity to accept or reject any terms which are satisfactory to the would-be lessor.

We would make it clear, however, that a right of first refusal to lease does not mature when the contemplated transaction is a sale of the property as distinguished from a lease.

3. Respondents further argue that an unlimited right of first refusal violates the rule against perpetuities. It is unnecessary to decide this point as it was not raised in the trial court and is not properly an issue here.

That part of the judgment of the lower court which holds that the first right of refusal is void and a nullity is reversed with directions to enter judgment for the appellant declaring that title to the subject property is held by the respondents and their successors in interest subject to the appellant's right of first refusal.

Reversed and remanded for proceedings consistent with this opinion.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.