544 P.2d 1170

**KIRBY CATTLE COMPANY, Plaintiff-Appellant,**

v.

**SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, Defendant-Appellee.**

**No. 1969.**

Court of Appeals of New Mexico.

Dec. 2, 1975.

Certiorari Granted Jan. 16, 1976.

Patrick James Kirby, Taos, N. M., Joseph A. Sommer, Sommer, Lawler & Scheuer, P. A., Santa Fe, for plaintiff-appellant.

Raymond A. Baehr, Shaffer, Butt, Jones & Thornton, Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff, Kirby Cattle Company, a limited partnership (Kirby), appeals from an Order of Dismissal and Final Judgment which granted summary judgment to defendant, Shriners Hospitals for Crippled Children (Shriners). We reverse.

Kirby's appeal arises out of a denial of (1) its claim to a "first refusal" to purchase Shriners' land in Taos County, New Mexico, and (2) its right to file a first amended complaint.

We are confronted with a series of legal questions raised on appeal surrounding the adverse result.

### A. The Record of the Proceedings

On November 2, 1973, Kirby filed its complaint seeking specific performance of its right to bid competitively for two sections of land owned by Shriners in Taos County, New Mexico. It alleged Shriners had decided to sell this property to a third person, without notice of any kind to Kirby.

The complaint alleged a series of negotiations between Kirby and Shriners for the lease or purchase by Kirby of the subject property which culminated in Shriners giving Kirby a right of first refusal on the property.

The claim of this right arose out of the following events: (1) Kirby offered to purchase or lease the subject property, by letter dated September 7, 1966. (2) Kirby had a telephone conversation with the Secretary of Shriners or a representative of Shriners in which that person ". . . assured Kirby in most positive terms that Kirby Cattle Company would be given first consideration in the event that the Shriners were to decide to sell or otherwise dispose of the property." (3) Shriners wrote Kirby a letter, dated March 3, 1967, stating that it did not want to take "any action at this time" with respect to Kirby's offer of September 7, 1966, and "that if the present position of our committee changes you will be so informed immediately."

Shriners filed an answer on December 12, 1973. It admitted the authenticity of the letters, but it denied Kirby's version of the telephone conversation and the interpretation given by Kirby of the letter it sent. As affirmative defenses, Shriners alleged: (1) that Kirby's complaint failed to state a claim upon which relief could be granted, (2) that the statute of limitations had run, and (3) that Kirby was guilty of laches.

On the same day, Shriners filed a motion to dismiss alleging that the statute of limitations had run, and that the complaint

on its face showed that there never was any binding and existing contract between the parties. In the proceedings to date, however, Shriners relied only upon Kirby's failure to state a claim for which relief could be granted. It is upon that basis that the trial court ruled in Shriners' favor, and upon that basis that we review.

On February 15, 1974, by letter, the court informed the parties:

In my view the language contained in the correspondence is not subject to the construction placed thereon by the Plaintiff, and accordingly defendant's Motion to Dismiss should be granted.

Subsequent to such letter, but before any order of dismissal was entered, protracted proceedings were had. These included: (1) motion by Kirby (granted) for production of documents for inspection by Kirby; (2) motion by Shriners for entry of judgment; (3) notice by Kirby of taking of deposition of Louis Menyhert (the party to whom Shriners was allegedly selling the subject property) and two officers of Shriners; (4) motion by Menyhert for a protective order; (5) motion by Shriners for a protective order either terminating discovery or limiting further discovery; (6) motion by Shriners for an order pursuant to Rule 30(b) of the Rules of Civil Procedure [§ 21–1–1(30)(b), N.M.S.A.1953 (Repl.Vol. 4)] that Shriners file with the court, in a sealed envelope, a certain document ordered to be produced by Shriners by the previous court order.

On October 9, 1974, a hearing was held on the motions filed by Menyhert and Shriners. After arguments were made, the court orally ruled (1) that the sale price to Menyhert was irrelevant and a protective order would be entered, (2) that Shriners' motion for entry of judgment would be granted because there was no contract between the parties 'and nothing touching this property was enforceable. Shriners moved for entry of judgment "on the grounds that the plaintiff has failed to state a claim". The motion was granted and Shri-

ners was requested to prepare the order dismissing the case.

On December 11, 1974, prior to the entry of judgment, Kirby filed a motion for an order granting leave to file a first amended complaint. The first cause of action substantially restated Kirby's original complaint. The second cause of action stated a claim against Louis Menyhert No. 3, a limited partnership, and against Louis Menyhert. The third cause of action in the alternative claimed a conspiracy among all defendants to interfere with and cause a breach of the Kirby-Shriners contractual relationship.

On February 3, 1975, a hearing was held on this motion. After argument, the court stated that he could not "find any consideration passing from Kirby Cattle Company to Shriners". In open court, the following orders were signed and filed: (1) "Order of Dismissal and Final Judgment", (2) an order denying Kirby's motion to file an amended complaint, (3) an order granting defendant's and Menyhert's motions for protective orders and denying Kirby the right to take the depositions of the persons mentioned supra. The court also found that the contents of the sealed envelope filed with it by Shriners, which contained details of its transaction with Menyhert, was irrelevant to Kirby's claim, and ordered the envelope returned unopened to Shriners.

In the Order of Dismissal and Final Judgment, the court found (1) that there was no genuine issue of material fact raised by the pleadings or by Kirby's affidavits and Exhibits "A" and "B" attached thereto and in support thereof; (2) that none of the documents and correspondence produced by Shriners, by order of the court, supported Kirby's contentions for relief as alleged in its complaint; (3) that the plaintiff failed as a matter of law to state a claim upon which relief can be granted. The court ordered:

(1) Shriners' motion for entry of judgment be granted pursuant to Rule 58 of the Rules of Civil Procedure;

(2) Kirby's complaint be dismissed with prejudice; and

(3) Shriners be granted summary judgment pursuant to Rule "56(b)" (sic) [56(c)] of the Rules of Civil Procedure.

We interpret the Order of Dismissal and Final Judgment to mean:

(1) Kirby's complaint was dismissed with prejudice in that it failed to state a claim upon which relief can be granted because the complaint on its face did not show that a binding contract existed between the parties.

(2) Shriners was granted summary judgment under Rule 56(c) of the Rules of Civil Procedure because there was no genuine issue of material fact that a contract existed between the parties.

B. *Kirby's complaint stated a claim upon which relief could be granted.*

Kirby's complaint sought specific performance of an agreement made with Shriners that Kirby has the right to a "first refusal" to purchase Shriners' land upon such terms as Shriners decided to dispose of it to a third party.

This complaint states a claim upon which relief can be granted. It is only necessary for the complaint to allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Section 21–1–1(8)(a)(2), N.M.S.A.1953 (Repl.Vol. 4). "In considering whether a complaint states a claim upon which relief can be granted, courts accept as true all facts well pleaded." *Ramsey v. Zeigner*, 79 N.M. 457, 458, 444 P.2d 968, 969 (1968). ". . . [T]he complaint will only be dismissed where it appears that under no state of facts provable under the claim could plaintiff recover or be entitled to relief . . . ." *Rubenstein v. Weil*, 75 N.M. 562, 564, 408 P.2d 140, 141 (1965).

The "first refusal" theory relied on by Kirby is established in law as a basis upon which a claim for relief can be granted. *Eagle Thrifty Dr. & Mkts., Inc. v. Incline Village, Inc.*, 517 P.2d 786 (Nev.1973); *Turner v. Mendenhall*, 95 Idaho 426, 510 P.2d 490 (1973); See, *Dalton v. Balum*, 13 Wash.App. 160, 534 P.2d 56 (1975); *Ammerman v. City Stores Company*, 129 U.S. App.D.C. 325, 394 F.2d 950 (1968); Annot., 40 A.L.R.3d 920 (1971). In *Eagle Thrifty Dr. & Mkts., Inc. v. Incline Village, Inc.*, supra, the Court said:

A right of first refusal is sometimes said to be a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good-faith offer by a third person if the owner manifests a willingness to accept the offer. Once the owner manifests such willingness, the right of first refusal, heretofore an executory right, ripens into an option. . . . [517 P.2d at 788].

It appears from the transcript of the argument made at the final hearing on February 3, 1975, that the trial court stated the basis of its ruling that the complaint failed to state a claim for relief. The trial court could not "find any consideration passing from Kirby Cattle Company to Shriners." This conclusion is answered in *Rubenstein v. Weil*, supra:

Section 20–2–8, N.M.S.A.1953, reading:

"Every contract in writing hereafter made shall import a consideration in the same manner and as fully as sealed instruments have heretofore done[,]" makes the option agreement sufficient to withstand the attack of a motion to dismiss for failure to allege consideration. [Citation omitted]. [75 N.M. at 564, 408 P.2d at 141].

See, *May v. Walters*, 67 N.M. 297, 354 P.2d 1114 (1960).

We hold that Kirby's complaint stated a claim upon which relief can be granted.

C. *Shriners was not entitled to summary judgment under Rule 56(c) of the Rules of Civil Procedure.*

From December 12, 1973, the time Shriners filed its motion to dismiss, to February 3, 1975, the time summary judgment

was entered, there was no indication that the matter of summary judgment in any form was considered by the parties or the court.

None of the provisions of Rule 56 of the Rules of Civil Procedure [§ 21–1–1(56), N.M.S.A.1953 (Repl.Vol. 4)] on summary judgment were complied with. No motion for summary judgment was served or filed. Neither was Kirby given a reasonable opportunity to present evidence pertinent to his claim.

Kirby attempted to obtain additional evidence to establish a genuine issue of material fact on the "first refusal" theory. Notice was given to take the depositions of Menyhert and Shriners' officers.

Menyhert filed a motion for a protective order under Rule 30(b) of the Rules of Civil Procedure [§ 21–1–1(30)(b), N.M.S. A.1953 (Repl.Vol. 4)]. The grounds stated were (1) that Menyhert was not a party; (2) that he would be subject to annoyance, embarassment and oppression based upon an affidavit that Kirby wanted to upset and frustrate the sale of the land.

After judgment was entered, the trial court found that Menyhert's motion should be granted, and ordered that the deposition not be taken.

■ We find nothing in the record that justified the finding and the order. Under the "first refusal" theory, Kirby had the right to discover whether Menyhert made a bona fide offer to Shriners to purchase its land, and all matters relevant thereto.

Shriners filed a motion for a protective order under Rule 30(b) to terminate discovery or limit further discovery. Primarily, Shriners sought a change in the time and place for the taking of the deposition.

The trial court granted Shriners' motion that the depositions not be taken; that any discovery by Kirby concerning Shriners' sale of its land was irrelevant and immaterial.

Upon what basis the sale was irrelevant and immaterial, the record is silent. Under Rule 30(b) "good cause" is necessary

to support an order of denial. No good cause was shown. Rule 26(b) permits Kirby to examine the witnesses "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." No citation of authority is necessary to determine the scope of the examination.

■ Under Rule 56, Kirby was denied a reasonable opportunity to present all material pertinent to the action to establish a genuine issue of material fact on the "first refusal" theory.

Shriners also contends that Kirby's letter to Shriners was an offer, which offer was rejected, and that this was the extent of the transaction between the parties. This contention only creates an issue of fact when contrasted with Kirby's contention that Shriners had given Kirby a binding option of "first refusal" to purchase the land. Kirby contends that Shriners is now confronted with a binding, enforceable unilateral contract; that it is now no longer a question of an attempt by Kirby to conclude a bilateral purchase contract. "An option is more than an offer, . . . it is itself a contract and is not to be confused with the bilateral contract which it gives the optionee the power to bring into being." *Ammerman,* supra, 394 F.2d at 954.

We have reviewed the other arguments made by Shriners and we find them without merit.

The trial court erred in granting summary judgment.

D. *Kirby is entitled to file a first amended complaint.*

■ On December 11, 1974, about 54 days before final judgment was entered, Kirby filed its motion for an order granting leave to file a first amended complaint. The court denied the motion. It believed that Kirby could not state a claim for relief because it could find no consideration passing from Kirby to Shriners. As pointed out supra, this will not support a motion to dismiss the complaint. Whether consid-

eration did pass is a question of fact. Were this matter believed by the trial court, it would probably have granted Kirby the right to file an amended complaint.

Rule 15(a) of the Rules of Civil Procedure [§ 21–1–1(15)(a), N.M.S.A.1953 (Repl.Vol. 4)] permits the amendment of a complaint by leave of court; ". . . and leave shall be freely given when justice so requires." The right to amend should be permitted with liberality in the furtherance of justice. *Bynum v. Bynum,* 87 N.M. 195, 531 P.2d 618 (Ct.App.1975). But such leave to amend is addressed to the sound discretion of the trial court. *Vernon Company v. Reed,* 78 N.M. 554, 434 P.2d 376 (1967). However, where the trial court denies the request to amend upon an erroneous construction of applicable law, it is not a denial in the exercise of a sound judicial discretion. Id.

Based upon the court's erroneous construction of the law applicable to questions of consideration in stating a claim for relief, we grant to Kirby the right to file its first amended complaint in furtherance of justice.

This case is reversed and remanded with directions that it be reinstated and that further proceedings be had therein consonant with views expressed herein.

It is so ordered.

LOPEZ, J., concurs.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

I respectfully dissent.

Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the New Mexico Rules of Civil Procedure, [§ 21–1–1(12), N.M.S.A.1953 (Repl. Vol. 4)]. The court granted defendants' motion on February 14, 1974, but the judgment was not entered pending further discovery at plaintiff's request. The judgment was finally entered on February 3, 1975, as a summary judgment pursuant to Rule 56(b), New Mexico Rules of Civil Procedure, supra.

Rule 12(b)(6), New Mexico Rules of Civil Procedure, supra, states clearly and in unequivocal terms that:

". . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, *the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,* and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." [Emphasis Mine.]

Matters outside the pleadings were presented to the trial court. No separate motion for summary judgment under Rule 56, New Mexico Rules of Civil Procedure, supra, need be made. The rules establishing the conditions under which summary judgment will be granted are well established in New Mexico. See *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). In my opinion the trial court properly granted the Shriners summary judgment.

It is also my opinion that the trial court did not err in granting a motion for protective orders, or for refusing a motion for further discovery. These matters, the trial court properly concluded, fell outside the parameters of the allegations in plaintiff's complaint and were, accordingly, irrelevant. Extensive discovery had been permitted plaintiff during the year this suit was litigated. The trial court did not abuse its discretion by finding further discovery of a third party's possible interest irrelevant.

Finally, the court's refusal to grant plaintiff's motion to amend its complaint was entirely within the discretion of the trial court.