548 P.2d 449

**SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, Petitioner,**

v.

**KIRBY CATTLE COMPANY, Respondent.**

**No. 10744.**

Supreme Court of New Mexico.

April 1, 1976.

———————◆———————

Shaffer, Butt, Jones & Thornton, Raymond A. Baehr, Albuquerque, for petitioner.

Sommer, Lawler & Scheuer, Santa Fe, Patrick James Kirby, Taos, for respondent.

## OPINION

SOSA, Justice.

This case involves the issue whether the trial court properly granted summary judgment.

In 1966 Kirby Cattle Company (Kirby), plaintiff-appellant, began negotiations with Shriners Hospitals for Crippled Children (Shriners), defendant-appellee, to purchase from Shriners two sections of land in Taos County. Plaintiff submitted an offer to purchase the land. In a letter dated March 3, 1967, Shriners decided to take "no action at this time" but assured Kirby that "if the present position of our committee changes you will be so informed immediately." On November 2, 1973, Kirby filed a complaint seeking specific performance of its claimed right of first refusal, since Kirby believed that Shriners had decided to sell this property to a third party, Mr. Menyhert, without giving Kirby notice of its intent to sell the land. On December 12, 1973, Shriners stated in its answer, among other defenses, that Kirby's complaint failed to state a claim upon which relief could be granted. Shriners also filed a motion to dismiss that same day. In a letter dated February 15, 1974, the court informed the parties that it would grant Shriners' motion to dismiss. Before the order of dismissal was entered, however, the court allowed Kirby to begin discovery. On October 9, 1974, in a hearing the court ruled orally, *inter alia,* that entry of judgment would be granted "on the grounds that the plaintiff has failed to state a claim," and the court requested Shriners to prepare the order dismissing the case. On December 11, 1974, prior to the entry of judgment, Kirby sought leave to file a first amended complaint, which incorporated the original complaint, added Louis Menyhert individually and Louis Menyhert # 3, a limited partnership, as party-defendants, and added a claim based in tort (interference with a contractual relationship). On February 3, 1975, after a hearing the court granted the order of dismissal and final judgment pursuant to N. M.R.Civ.P. 58 [§ 21–1–1(58) N.M.S.A. 1953], entered an order denying Kirby's motion to file an amended complaint, and granted summary judgment to the Shriners pursuant to N.M.R.Civ.P. 56(c) [§ 21–1–1(56)(c) N.M.S.A.1953]. Kirby appealed to the Court of Appeals. During the time for appeal, Kirby moved to have the case transferred to the Supreme Court; the motion was denied. The Court of Appeals reversed the trial court in a decision by a divided court. 88 N.M. 605, 544 P.2d 1170 .(1975). We granted certiorari.

■ The majority opinion of the Court of Appeals held that summary judgment should not have been granted, for the following reasons: (1) no motion for summary judgment had been filed, and (2) there was a genuine issue of a material fact. Although no motion for summary judgment was filed by Shriners, a N.M.R.Civ.P. 12(b)(6) [§ 21–1–1(12)(b)(6) N.M.S.A.1953] motion becomes a motion for summary judgment if ". . . matters outside the pleading are presented to and not excluded by the court . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.M.R.Civ.P. 12(b) [§ 21–1–1(12)(b) N.M.S.A.1953]. Here matters outside the pleadings were presented to the court for its consideration. After announcing its intention to grant the Shriners' motion to dismiss but before entering a judgment to that effect, the trial court granted a motion for further production of documents. Kirby sought to depose Mr. Menyhert, the alleged buyer, which the court later prevented after Mr. Menyhert sought a protective order. On February 3, 1975, the trial court, in a hearing after argument and examination of the new information, decided to grant Shriners' summary judgment. The court found:

. . . that there is no genuine issue as to any material fact raised by the parties pleading or by the plaintiff's affidavits and Exhibits "A" and "B" attached thereto and in support thereof, nor do any of the documents, correspondence produced by the defendant, by order of this Court support the plaintiff's contentions for relief as is alleged in its Complaint and the plaintiff has failed as a matter of law to state a claim upon which relief can be granted.

Since matters outside the pleadings were presented to the trial court, and since both parties had adequate notice to present all pertinent material in a hearing, the trial court properly treated the Rule 12(b)(6) motion as a motion for summary judgment.

■ Kirby argues that the trial court improperly granted Shriners' motion for summary judgment. The test for granting summary judgment was set forth in *Goodman v. Brock,* 83 N.M. 789, 792, 498 P.2d 676, 679 (1972), quoting in part from 3 Barron & Holtzoff, Federal Practice and Procedure § 1234, at 124–126 (Rev'd by Wright 1958):

"A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment.

Unquestionably the burden was on defendants to show an absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor." (citations omitted).

There is no genuine issue of any material fact in this case. The undisputed facts are that after various negotiations, Kirby wrote a letter offering to buy the land under any one of four payment schedules. If Shriners disliked the offer, it was to devise its own terms. Shriners, however, answered in a letter that it would take "no action at this time" but assured Kirby that "if the present position of our committee changes you will be so informed immediately." As a matter of law, there was neither an option contract nor a right of first refusal arising from any construction which can reasonably be placed upon the undisputed facts. There being no manifestation of mutual agreement to consitute the option contract in favor of Kirby, there can be no option contract or right of first refusal. There being no contractual rights in Kirby, there can be no cause of action in tort for interference with contractual relations.

The trial court did not err in granting the protective orders or in denying Kirby's motion to amend its complaint.

**172**

For the foregoing reasons the Court of Appeals is reversed and the order of the trial court granting summary judgment is affirmed.

OMAN, C. J., and McMANUS, STEPHENSON and MONTOYA, JJ., concur.