This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41094**

**KURT PRASSE,**

     Plaintiff-Appellant,

v.

**CREATIVE PROPERTIES, LLC,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Gary W. Boyle
Santa Fe, NM

for Appellant

Jones, Snead, Wertheim & Clifford, P.A.
Carol A. Clifford
Jerry Todd Wertheim
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**Black, Pro Tem Judge.**

**{1}** Kurt Prasse (Lessee) appeals the district court's grant of the motion to dismiss filed by Creative Properties, LLC (Lessor). We conclude that the lease contemplated a use that was not permitted by the applicable zoning code and was therefore unenforceable. We affirm.

**BACKGROUND**

**{2}** In 2021 Lessee leased a portion of a building (the Property) in Santa Fe, New Mexico from Greg Eichman, for a period of two years to use for office space and "dance based events and for Yoga type classes." Eichman died in 2022, and Lessor purchased the Property and remaining lease from Eichman's estate.

**{3}** The City of Santa Fe (the City) red-tagged the Property in October 2022 due to the lack of an occupancy permit, and Lessor denied Lessee further entry to the property. Lessee filed, pro se, a proceeding seeking injunctive relief against Lessor seeking to restore his access. The district court entered a temporary restraining order and a preliminary injunction permitting Lessee access. Lessor filed an emergency motion to dissolve the injunction and temporary restraining order. The district court held a hearing and took evidence on October 28, 2022, and dissolved the injunction and temporary restraining order. After that, Lessee filed a complaint for damages.

**{4}** Lessor then moved to dismiss the complaint. On March 29, 2023, the district court conducted a hearing on the motion and dismissed the original complaint under Rules 1-012(B)(6) and 1-019(A) NMRA. Lessee filed his amended complaint seeking damages for breach of contract, breach of the covenant of good faith and fair dealing and again seeking injunctive relief. On April 18, 2023, the district court issued an order granting Lessor's motion to dismiss the amended complaint under Rule 1-012(B)(6) and dismissed the case with prejudice.

**{5}** Lessee's docketing statement had the March 29 order attached but not the April 18 order. Nonetheless the April 18, 2023 order, is the primary focus of Lessee's docketing statement and brief in chief.

## DISCUSSION

### I. Standard of Review

**{6}** We review de novo a district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6). *See id.*; *Walsh v. Montes*, 2017-NMCA-015, ¶ 6, 388 P.3d 262. "Dismissals under Rule 1-012(B)(6) are proper when the claim asserted is legally deficient." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. The motion should be granted when the plaintiff cannot obtain relief "under any set of facts provable under the claims." *Shea v. H.S. Pickrell Co.*, 1987-NMCA-149, ¶ 6, 106 N.M. 683, 748 P.2d 980.

### II. The District Court Properly Dismissed the Amended Complaint

### A. Plaintiff Failed to Follow the Rules of Appellate Procedure

**{7}** Under our Supreme Court's appellate rules, *see* Rules 12-201(A) and Rule 12-202(C) NMRA, the appellant must provide notice of the appeal from an order and attach that order to the notice. Lessee attached the wrong order to his notice of appeal. Lessee's brief in chief repeatedly cites the dismissal of the original complaint against

Mr. Lewis, the owner of Lessor, but also cites the April 18, 2023 order, dismissing the amended complaint against Lessor. However, the denomination of the notice of appeal is not what is important but that the document substantially complied with and gave information required by the rule governing the timely filing of a notice of appeal. *See Johnson v. Johnson*, 1964-NMSC-233, ¶ 6, 74 N.M. 567, 396 P.2d 181. The filing of a docketing statement specifically referring to the notice of appeal, which substantially complied with the content provisions of the rule prescribing what must be specified in the notice of appeal, was sufficient to vest appellate jurisdiction in this Court. *See Marquez v. Gomez*, 1990-NMSC-101, ¶¶ 6-7, 111 N.M. 14, 801 P.2d 84.

## B. District Court May Convert a Rule 1-012(B) Motion to a Summary Judgment Motion

**{8}** Lessee would have this Court reverse on the ground that the district court should not have relied on the evidence presented at the October preliminary injunction hearing and should have relied only on the sufficiency of the amended complaint. Even though the motion before the district court was a Rule 1-012(B)(6) motion to dismiss the complaint and the district court did not denominate its April order as a summary judgment, it ruled based on the evidence presented at the October 28, 2022 hearing, thus converting the order to a summary judgment. *See Shriners Hosps. for Crippled Child. v. Kirby Cattle Co.*, 1976-NMSC-013, ¶ 3, 89 N.M. 169, 548 P.2d 449; *Bisconte v. Sandia Nat'l Laboratories*, 554 F. Supp.3d 1158, 1163-64 (D.N.M 2021) (explaining that when matters outside the pleadings are presented and not objected to, the motion should be treated as one for summary judgment). Lessee participated in the evidentiary hearing in October without protest and even testified extensively therein. Thereafter he had four months to protest or offer additional evidence but failed to do so, even though in the motion to dismiss Lessor cited Rule 1-066(A)(2) NMRA and referred the district court to the evidence already offered. *See id.* ("[A]ny evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."). Once such dispositive evidence is in the record, Lessee cannot merely rely on his complaint. *See Santistevan v. Centinel Bank of Taos*, 1981-NMSC-092, ¶¶ 6-11, 96 N.M. 730, 634 P.2d 1282 (concluding a motion to dismiss was properly converted to a motion for summary judgment under the circumstances, including the submission of evidence at the hearing without objection).

## C. The District Court's Dismissal Was Proper Based on This Record

**{9}** At that evidentiary hearing Mr. Lewis presented testimony and evidence to prove that the Lessee's past and proposed use of the warehouse for group assemblies was illegal and the lease unenforceable because the prior owner had never obtained the necessary permit or certificate of occupancy from the City. The lack of such a permit and certificate resulted in the warehouse being red-tagged by the City. At the conclusion of the October 28, 2022 hearing, the district court held that it did not have "the authority to order use of a business that has been red-tagged, and no certificate of occupancy

has been granted." Concluding, the district court stated, "The events that have been conducted there [by Lessee] have been illegally conducted."

**{10}** Based on the evidence presented at the October 28, 2022 hearing, the April 18, 2023 order, dismissing the case under Rule 1-012(B)(6), was an appropriate exercise of the court's power under Rule 1-012(B) (stating that "[i]f, on a motion asserting the defense in Subparagraph (6) of this paragraph to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1-056 NMRA, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 1-056").

**{11}** The lease clearly contemplated operation of the property in violation of the 2018 special use permit required by the City because required several conditions were not met. *See Measday v. Sweazea*, 1968-NMCA-008, ¶¶ 10-11, 78 N.M. 781, 438 P.2d 525 (explaining that an illegal contract "require[s] the violation of any law"). Lessee argues that the lease is nevertheless enforceable, and Lessor is in breach, or has breached the covenant of good faith and fair dealing, because Lessor has not sought the necessary City approvals. Essentially, Lessee contends that Lessor should be estopped from invalidating the lease because Lessor did not satisfy the City's conditions after purchasing the property from Eichman. "It is well established that a party cannot maintain an action if [they] must rely on a violation by [themselves] of some statutory regulation in order to establish his cause of action." *Capo v. Century Life Ins. Co.*, 1980-NMSC-058, ¶ 11, 94 N.M. 373, 610 P.2d 1202; *cf. Measday*, 1968-NMCA-008, ¶ 19 (declining to find a contract unenforceable when, "[t]o establish th[e] claim, [the] plaintiff is not required to prove the statutory violation"). Further, "it is generally held that validity cannot be given to an illegal contract on the principle of estoppel." *Capo*, 1980-NMSC-058, ¶ 21.

**CONCLUSION**

**{12}** For the above stated reasons, the judgment of the district court is affirmed.

**{13} IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**