**In re YALDEN.**

No. 63999.

United States District Court
D. Massachusetts.

Jan. 27, 1953.

Elliott K. Slade, Sidney J. Kagan, Boston, Mass., for bankrupt.

Benjamin Korolick, Boston, Mass., for Michigan Furniture Co.

FORD, District Judge.

This is a petition for review of an order of a referee in bankruptcy allowing trustee's petition for confirmation of a private sale of real estate.

The original petition in bankruptcy was filed on December 11, 1939. The trustee then named found no assets in the bankrupt's estate. Bankrupt at that time listed in her schedules her property at 84 Coolidge Street, Brookline, Massachusetts, the real estate involved in the present proceedings. Trustee found that she had purchased this property from the Workingmen's Cooperative Bank a year before bankruptcy, that she had paid no cash whatsoever to the bank but had given the bank a mortgage for $5,000, the full amount of the purchase price, and that she was then in arrears on all payments due under said mortgage. Trustee concluded that bankrupt then had no equity of any value to the estate, and decided to disclaim title to it. He so informed bankrupt and also informed the referee orally of his decision at the final meeting of creditors. He did not at any time file any written petition to abandon trustee's right, title and interest in and to the real estate in question.

Since the 1939 proceedings, bankrupt, in reliance on the trustee's oral disclaimer,

has made tax and mortgage payments on the property and has paid out money in connection with the upkeep thereof. It has been her contention that the trustee had effectively disclaimed title and that the property was hers. In order to remove the cloud on her title arising from the absence of any written disclaimer, she had the bankruptcy proceedings reopened. A new trustee was appointed, who petitioned for leave to sell the real estate of the bankrupt at public or private sale free and clear of attachment. This petition was allowed. Thereafter, on July 25, 1952, trustee petitioned for confirmation of the private sale of the property to the bankrupt for $200. No appraisal of the property was made at this time in connection with this sale. The petition for confirmation was allowed by the referee on July 28, 1952.

The petitioning creditor here, Michigan Furniture Company did not file any proof of claim in the original proceedings. It was, however, allowed to file its proof of claim in the reopened proceedings. It received notice of trustee's petition for leave to sell the real estate, and made no objection to the allowance thereof. The notice given by trustee on that occasion asked permission for either private or public sale, and did not set forth any details such as the time or place of sale or the price at which the property would be sold. No notice was given to creditors of the trustee's petition to confirm the private sale, and petitioner did not learn of it until after the referee had confirmed the sale.

Petitioner asks that the referee's order be set aside because (1) the sale was authorized without an appraisal; (2) the consideration was grossly inadequate; (3) no cause was shown to justify confirmation of the private sale without notice to creditors; and (4) the whole proceeding for these reasons constitutes a fraud upon the creditors.

 A trustee in bankruptcy has the right to abandon property of the bankrupt, title to which has been vested in him, when such property is of no value to the estate. Stanolind Oil & Gas Co. v. Logan, 5 Cir., 92 F.2d 28, 31. There is no proce-

dure prescribed by the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., to be followed by the trustee in abandoning property. Although it is better practice for the trustee to file a petition for allowance of the abandonment, and to have this passed upon by the referee, this is not necessary. It is enough if the trustee did in fact abandon the property. Mere inaction with respect to the property is not enough, but it is sufficient if the trustee clearly indicates his intention to abandon the property as valueless. In re Webb, 4 Cir., 54 F.2d 1065; In re Malcom, D.C., 48 F.Supp. 675, and the numerous cases there cited. In this case, the trustee in 1939 considered the property worthless to the estate, and the referee has found that in fact it was so. The trustee also plainly stated his intention to disclaim all title to the property. Hence, it must be held that the trustee did in fact abandon the real estate in question in 1939.

 Where property is thus abandoned by the trustee, title thereto reverts to the bankrupt. Moreover, the abandonment is irrevocable. Even though the property later becomes more valuable, the trustee has no right to reclaim it. 4 Collier on Bankruptcy, p. 1223, and cases. Since 1939, therefore, the property here in question has belonged to the bankrupt and not to the estate. The sale of the property by the trustee to the bankrupt was a mere formality which in no way affected the actual ownership of the property. Its only purpose and effect was to give the real owner a written confirmation of a transfer which had taken place in 1939, to remove any question arising from the fact that no written record evidenced the prior transfer.

When the estate was reopened, there was in fact no asset which still belonged to it. There was nothing to be appraised, nothing to be applied to the benefit of the creditors. Nothing passed from the estate by the so-called sale, and any consideration paid by the bankrupt was pure gain to the estate.

The petition for review was filed on September 2, 1952. This was not within the ten-day period from July 28, 1952. Bankruptcy Act, § 39, sub. c, 11 U.S.C.A., § 67,

sub. c. At some time between August 25, 1952 and September 2, 1952, counsel for petitioner orally requested the referee to vacate the order of July 28 and this request was orally denied by the referee. Since the order of the referee must be affirmed on the grounds previously set forth, it is unnecessary to resolve the question of whether, under the circumstances, the petition for review was timely filed.

The order of the referee is affirmed.