**In the Matter of Frank AMM and Edna Amm, individually and jointly, Bankrupts.**
**No. 23528.**

United States District Court,
E. D. Pennsylvania.
April 5, 1955.

Harry R. Back, Philadelphia, Pa., for bankrupts.

Herman N. Silver, trustee, Philadelphia, Pa., pro se.

FOLLMER, District Judge.

This is a petition for review of an order of a Referee in Bankruptcy allowing Trustee's petition for confirmation of a private sale of real estate.

Separate petitions in bankruptcy were filed by Frank Amm and Edna Amm, husband and wife, on September 18, 1951. Both matters were referred to a Referee, and on November 1, 1951, Herman N. Silver was appointed Trustee. On petition of the Trustee setting forth that in the separate schedules filed by both bankrupts the same creditors, who appear to be joint creditors, are listed and substantially the same assets are listed, especially premises 4150 Maywood Street, Philadelphia, Pennsylvania, title to which is in the name of the two bankrupts as tenants by the entireties, the Court directed that the two causes in bankruptcy, to wit., Nos. 23527 and 23528, be consolidated into one matter to be known as "In the matter of Frank Amm and Edna Amm, individually and jointly, Bankrupts; In Bankruptcy, Cause No. 23528," and that the assets of both bankrupts be administered in the consolidated matter.

Some time after the original reference the Referee, David Bachman, Esq., resigned and was succeeded by Thomas J. Curtin, Esq.

A special meeting of creditors was called for October 21, 1953, by the Referee, upon ten days notice in writing, to hear and consider petition of Trustee for leave to sell at private sale to Frank Amm and Edna Amm, for the sum of $100, the right, title and interest of the Trustee in and to premises 4150 Maywood Street, Philadelphia. The meeting opened with this statement by the Trustee, "Mr. Referee, I better give you the background of this meeting." The Trustee then stated, in substance, that on his appointment and qualification as Trustee he took title to a parcel of real estate known as 4150 Maywood Street, Philadelphia; that the property was subject to a first mortgage held by First Federal Savings and Loan Association upon which there was a balance due of $2,627.61, and a judgment of record held by Sarah G. and Abraham Goldberg, entered May 6, 1948, in the sum of $5,500, which with interest to date would total $7,350; that these particular premises had been appraised by the official appraiser appointed by Referee Bachman as having a value of $8,500, and that (quoting) "From the record it would appear that there is no equity in this property over and above the mortgage and judgment lien which together total $9977.61"; that he finally received an offer of $100 from the bankrupts for the Trustee's interest therein, hence the petition for the consideration of which the meeting was called. He stated furthermore that shortly before the meeting he had received an offer of $200 for the same premises from Herman Eisenberg, Esq.

It later developed in the hearing before the Referee and at the argument before the Court that on January 29, 1953, Court of Common Pleas No. 7 of Philadelphia County, Pennsylvania, in No. 4955, March Term 1948, had issued an order restraining Sarah and Abraham Goldberg from proceeding with execution against premises 4150 Maywood Street, Philadelphia, to permit a marshaling of certain other assets of bankrupts in New Jersey. This order was predicated upon a stipulation signed by Herman Eisenberg, attorney for plaintiffs, and H. R. Back, attorney for defendants (bankrupts herein), to the effect, inter alia, that judgment creditors should first seek payment out of the New Jersey property. It will be noted that

Herman Eisenberg, the attorney for the judgment creditors, is the party who made the offer of $200 to the Trustee.

Later in the hearing the Trustee said: "Well the present status is this: Here is a property to which I have title as trustee, subject to liens and mortgage. Whether or not the judgment in dispute has a basis in fact, that is for the State Court. *There is no equity in the property as far as we are concerned. I have to do something with this property.* That is why I suggested to Mr. Back that they make an offer for the right, title, and interest, and they are making it. Now along comes this better offer. There are no other assets." (Emphasis supplied.) The Referee then observed "It would appear from the proofs of claim filed with the Referee that all creditors have been paid except this one."

In addition, at the special meeting of creditors of October 21, 1953, there occurred this colloquy between the Referee and the Trustee:

"The Referee: In the previous account what happened to the other creditors?

"Mr. Silver: They were paid." This fact was confirmed orally by the Trustee at the time of argument.

In view of the action of the State Court in staying execution on the Goldberg judgment, which was predicated on stipulation of the judgment creditors and the bankrupts, there certainly was no basis for the sale even had there been an equity therein. The whole proceeding raises the question of the possibility of unjustly enriching the judgment creditors.

Although this Trustee did not at any time file any written petition to abandon the Trustee's right, title and interest in and to the real estate in question, he did orally inform both the bankrupts and the Referee of his conclusion that the bankrupts had no equity in the property of any value to the estate and that he had to do something with it. It is my opinion that the conclusions of the Trustee so expressed to the Referee constituted an abandonment of the property. This, I feel, was confirmed by the Referee when after a statement by counsel for the bankrupts following the oral disclaimer of the Trustee, the Referee said to counsel for bankrupts, "If that were the factual situation why didn't you take a rule upon the trustee to ask me for an order of turn over?"

The idea of the Trustee to reconvey to the bankrupts at private sale for a nominal sum and the acceptance by the Referee of a further nominal raise by the judgment creditors on the theory that he was bound to accept bids and approve a sale to the highest bidder was all predicated on the false assumption that the Trustee still had this real estate for disposal.

■■ Practically this identical situation was before the court in In re Yalden, D.C.Mass., 109 F.Supp. 603, 604. I quote with complete approval from the opinion of the court in that case as follows:

"A trustee in bankruptcy has the right to abandon property of the bankrupt, title to which has been vested in him, when such property is of no value to the estate. Stanolind Oil & Gas Co. v. Logan, 5 Cir., 92 F.2d 28, 31. There is no procedure prescribed by the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., to be followed by the trustee in abandoning property. Although it is better practice for the trustee to file a petition for allowance of the abandonment, and to have this passed upon by the referee, this is not necessary. It is enough if the trustee did in fact abandon the property. Mere inaction with respect to the property is not enough, but it is sufficient if the trustee clearly indicates his intention to abandon the property as valueless. In re Webb, 4 Cir., 54 F.2d 1065; In re Malcom, D.C., 48 F.Supp. 675, and the numerous cases there cited. * * *"

■ Here the Trustee clearly indicated that he considered the property

worthless to the estate, and his intention to disclaim all title to the property. The method he chose, which had the approval of the Referee, was not only gratuitous but without the sanction of law or reason. He obviously had nothing to sell for the very simple reason that he did in fact abandon the real estate in question at the special meeting of creditors on October 21, 1953.

On the abandonment, title irrevocably reverted to the bankrupts. Consequently since 1953 the property in question has belonged to the bankrupts and not to the estate. The order and decree of the Referee under date of December 2, 1953, authorizing and empowering the Trustee to make, execute and deliver a Trustee's Deed for his right, title and interest in and to premises known as 4150 Maywood Street, Philadelphia, Pennsylvania, to Gilbert R. Goldberg for the sum of $200, is hereby vacated and set aside, and the Trustee will take the necessary steps to effect the abandonment to the bankrupts of the real estate aforesaid. It is so ordered.