634 P.2d 1282

Gilbert V. SANTISTEVAN, Petitioner,

v.

CENTINEL BANK OF TAOS, Eliu E. Romero and Bert Quintana, Respondents,

and

CIT Financial Services Corporation, et al., Defendants.

No. 13397.

Supreme Court of New Mexico.

Sept. 4, 1981.

Robert Dale Morrison, Taos, for petitioner.

White, Koch, Kelly & McCarthy, John F. McCarthy, Santa Fe, Eliu E. Romero, Taos, Pickard & Singleton, Lynn Pickard, Santa Fe, for respondents.

## OPINION

EASLEY, Chief Justice.

Santistevan brought an action for damages based on fraudulent deprivation of real property against Centinel Bank of Taos (Bank), Quintana and Romero. Defendants moved to dismiss the suit on the grounds that Santistevan was not a real party in interest since he did not own the land. The trial court dismissed the suit, and the Court of Appeals affirmed. We granted certiorari, and we affirm in part and reverse in part.

We discuss: (1) whether a motion to dismiss can be converted into a motion for summary judgment without affording the opposing party ten days notice before the hearing; (2) whether defendants may question Santistevan's standing as a real party in interest by motion after they have not raised the issue in their answer; and (3) whether Santistevan is the owner of the property and thus a real party in interest when he intentionally misstated the material facts about the property in his bankruptcy petition, although the property was subsequently abandoned by the trustee in bankruptcy.

On September 9, 1970, Santistevan filed a petition for bankruptcy. In the petition, he deliberately undervalued the land at $2,475.00. On October 23, 1970, he amended the bankruptcy petition stating that he conveyed the property to his brother for $1,500.00. Subsequently, the trustee in bankruptcy petitioned the referee in bankruptcy to abandon the property, and the referee in bankruptcy ordered the property abandoned. On November 24, 1970, Santistevan was discharged in bankruptcy.

The Bank obtained a deed to the property dated May 12, 1972, purportedly signed and delivered by Santistevan. Santistevan denied this transaction, claiming the deed was forged. The Bank conveyed the property to Quintana by a corrected warranty deed dated February 13, 1974.

Santistevan filed his complaint on September 27, 1977, seeking damages for fraudulent deprivation of his property. Santistevan was deposed on August 3, 1979, and admitted that he neither sold the land to his brother nor gave the land's correct value in the bankruptcy petition. Defendants filed a motion to dismiss on August 7, 1979, alleging that Santistevan was not a real party in interest. Defendants did not attach affidavits to the motion. On the day of the hearing, August 14, 1979, defendants filed in the trial court Santistevan's deposition and relied on it for their motion. The motion was heard on the same day as the trial on the merits. The trial court granted the motion.

1. *Whether a motion to dismiss may be converted into a motion for summary judgment without affording the opposing party ten days notice.*

A motion to dismiss will be treated as a motion for summary judgment when matters outside the pleadings are presented to the court. N.M.R. Civ. P. 12(b) N.M.S.A. 1978 (Repl. Pamp.1980); *Shriners Hosp. for Crippled Ch. v. Kirby Cattle Co.*, 89 N.M. 169, 548 P.2d 449 (1976). The trial court

considered Santistevan's deposition and bankruptcy petition; thus, the motion to dismiss was subject to being treated as a motion for summary judgment.

N.M.R.Civ.P. 56(c) N.M.S.A.1978 (Repl. Pamp.1980) states in part:

The motion shall be served *at least 10 days before the time fixed for the hearing.* The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. [Emphasis added]

■ Although the rule clearly states that a motion for summary judgment shall be served at least ten days before the hearing, this rule is not adamantine. New Mexico cases are silent on waiver of the ten-day notice requirement, and since our summary judgment rule is similar to the federal rule, we turn to federal case law for guidance. Under case law, notice provision will be waived when there is: (1) active participation, (2) no objection to the proceeding, (3) no pending discovery, and (4) no specific allegation of prejudice. *Spence v. Latting,* 512 F.2d 93 (10th Cir.), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975).

■ In this case, Santistevan's counsel actively defended against defendants' motion. He rigorously argued that the inconsistent statements made at the bankruptcy proceeding had no effect on this case. Since the motion was heard on the same day as the trial on the merits, discovery was completed. Santistevan's counsel neither sought a continuance nor demonstrated a specific allegation of prejudice.

In *Hoopes v. Equifax, Inc.,* 611 F.2d 134 (6th Cir.1979), the Circuit Court of Appeals for the Sixth Circuit decided a case very similar to this one. Defendant orally moved for summary judgment on the day of the trial but before testimony had been taken. Before granting the motion, the trial court afforded plaintiff ample opportunity to show that a genuine issue of materi-al fact existed. Plaintiff did not demonstrate that he could produce additional evidence even if ten days notice had been given. Also, he could not show that he was prejudiced in any way by the trial court's granting of summary judgment.

We agree with *Hoopes'* interpretation of the notice provision. We conclude that under the facts and circumstances of this case the ten-day notice provision for summary judgment was not required.

2. *Whether Defendants may raise the issue of Santistevan being a real party in interest by motion after they have not raised the issue in their answer.*

■ Santistevan's counsel contends defendants' assertion that Santistevan is not a real party in interest is an affirmative defense, which must be raised in the answer or it is waived. Since this was not done, it is claimed that defendants have waived the real party in interest defense.

While we agree affirmative defenses must be pled or they are waived, N.M.R. Civ.P. 8(c), N.M.S.A.1978 (Repl. Pamp.1980); *Fredenburgh v. Allied Van Lines, Inc.,* 79 N.M. 593, 446 P.2d 868 (1968); *McLean v. Paddock,* 78 N.M. 234, 430 P.2d 392 (1967), we do not agree that a real party in interest can only be raised as an affirmative defense. One commentator states:

[A] real party in interest objection closely resembles the defense of failure to state a claim for relief because it presupposes that plaintiff does not have the substantive right to enforce the claim he is making. * * * It should be noted, however, that very few courts have discussed the relative merits of asserting the objection by motion or by answer. Nonetheless, the philosophy of Rule 1 indicates that the manner of raising it probably makes no difference.

6 C. Wright and A. Miller, Federal Practice and Procedure § 1554, at 701 (1971); *See also Klebanow v. New York Produce Exchange,* 344 F.2d 294, 296 n.1 (2d Cir.1965).

However, "the objection . . . should be done with *reasonable promptness.* Otherwise, the court may conclude that the point has been waived by the delay." [Emphasis

in original.] *Pace v. General Electric Company*, 55 F.R.D. 215 at 217 (W.D.Pa.1972), *quoting* 6 C. Wright and A. Miller, Federal Practice and Procedure § 1554 at 701 (1971). Thus, when the defendant knew for a long time that the plaintiff was not a real party in interest, he could not wait to the eleventh hour of the lawsuit to raise the objection. *Pace, supra.*

In this case, defendants discovered the real party in interest issue at Santistevan's deposition. Four days later, defendants filed their motion to dismiss. We conclude that defendants filed their objection with reasonable promptness and thus the objection was not waived.

3. *Whether Santistevan is a real party in interest when he intentionally misstated material facts about the property in his bankruptcy petition and that property was subsequently abandoned by the trustee in bankruptcy.*

This Court said in *Reagan v. Dougherty*, 40 N.M. 439, 441, 62 P.2d 810, 811 (1936):

Tests to determine if one is "a real party in interest" is [sic] whether he is the owner of the right sought to be enforced [citation omitted], or whether he is in a position to release and discharge the defendant from the liability upon which the action is grounded.

To determine if Santistevan is a real party in interest, we must inquire whether Santistevan's acts precluded him from asserting title over the land under bankruptcy law.

The statute at the time Santistevan declared bankruptcy provided that the trustee in bankruptcy is "vested by operation of law with the title of the bankrupt as of the date of the filing of the petition. * * *" 11 U.S.C. § 110(a) (1970). Case law indicates that when the bankrupt has intentionally failed to disclose an asset on the petition, title to the asset, nevertheless, is in the trustee. *First National Bank v. Lasater*, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905) (bankrupt failed to disclose a claim for usury); *Moore v. Slonim*, 426 F.Supp. 524 (D. Conn.), *aff'd without opinion*; 562 F.2d 38 (2d Cir.1977) (bankrupt did not disclose claim for back wages).

Defendants' counsel argues Santistevan's acts of not disclosing the true and honest value of land and of not telling the truth about conveying the land to his brother are tantamount to concealment of an asset. Consequently, under the analysis of *First National Bank v. Lasater*, and its progeny, Santistevan did not have title to the land; title was vested in the trustee in bankruptcy.

We disagree with defendants' analysis. The property was listed on the bankruptcy petition. Although the amended petition stated that Santistevan had conveyed the property to his brother, the trustee in bankruptcy had the duty to investigate the petition. 11 U.S.C. § 567 (1970); 9 Am.Jur.2d *Bankruptcy* § 940 (1963); *see In re Yalden*, 109 F.Supp. 603 (D. Mass.1953). The motion of the trustee in bankruptcy alleged that he investigated Santistevan's statements and decided that the property ought to be abandoned. The bankruptcy judge ordered the property abandoned. An order for abandonment reverts title to the bankrupt. *See Brown v. O'Keefe*, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827 (1937); *Dallas Cabana, Inc. v. Hyatt Corporation*, 441 F.2d 865 (5th Cir.1971); Note, *Abandonment of Assets by a Trustee in Bankruptcy*, 53 Colum.L.Rev. 415 (1953). Once abandonment is granted, it is irrevocable. *See In re Yalden, supra.*

We hold that title to the property was revested in Santistevan and that he is a real party in interest. Summary judgment was improperly granted. The trial court and the Court of Appeals are reversed in part and the case is remanded for trial.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.