**In re Ronald A. FLAMAND d/b/a Debb-Rhon Construction Company, Eileen M. Flamand, Bankrupts.**

**Bankruptcy Nos. 74–398, 74–399.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 6, 1987.

John P. Gyorgy, Adler, Pollock & Sheehan, Inc., Providence, R.I., for Greater Providence Deposit Corp.

Lloyd A.G. Rustigian, Providence, R.I., for Bankrupts.

DECISION AND ORDER CONFIRMING ABANDONMENT OF PROPERTY AND GRANTING RELIEF FROM STAY, NUNC PRO TUNC

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Submitted on exhibits and memoranda, on the motion of Greater Providence Deposit Corporation for relief from stay, *nunc pro tunc*, and for an order confirming the abandonment of real property. The bankrupts object to the motion.

The relevant facts are as follows:[1] When the Flamands filed their bankruptcy petitions on October 1, 1974, they owned an

---

1. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

undeveloped parcel of land in Gloucester, Rhode Island, which they valued in their bankruptcy schedules at $5,000.[2] On October 8, 1974, Greater Providence, without knowledge of the bankruptcy filing, conducted a previously scheduled foreclosure sale, purchased the property for $5,000, and applied the proceeds of that sale to the outstanding balance of the mortgage. After deducting fees and costs of the sale from the proceeds, a small deficiency ($76.35) remained. The record does not disclose why the Flamands did not attempt to stop the foreclosure or notify Greater Providence of the bankruptcy filing. Some time after the sale, Greater Providence learned of the bankruptcy and then requested and obtained Court permission to reclaim certain personal property in which it had a security interest. At that time no mention was made of the prior foreclosure sale, nor did the trustee (or debtors) ever attempt to set the sale aside, even though the property was included in the bankruptcy schedules. The trustee's final report indicates that the bankrupts "owned no interest in real estate," and the case was closed on January 20, 1978. Greater Providence now seeks an order ratifying the prior sale in order to clear its title to the Gloucester property.

Greater Providence argues that although the property in question was scheduled by the Flamands, it was not administered before the case was closed and, therefore, is deemed abandoned under former Bankruptcy Rule 608. The bankrupts argue, without citation, that because there is no Rhode Island law on point, we should by analogy apply Massachusetts law dealing with unadministered bankruptcy interests. Under Massachusetts law property is not deemed abandoned until twenty years after the filing.

Since these cases were filed before October 1, 1979, they are governed by the now repealed Bankruptcy Act of 1898. *See In re National Finance Corp.*, 41 B.R. 329 (Bankr.D. R.I.1984) and the cases cited therein. Under the Old Act, former Bank-

ruptcy Rule 608 deals with abandonment of unadministered property. Rule 608 states:

**ABANDONMENT OF PROPERTY**

The court may, on application or on its own initiative and after hearing on such notice as it may direct, approve the abandonment of any property and, without reopening the case, may direct the abandonment of any property of inconsequential value discovered after a case is closed. If a case is closed without administration of property of the estate that has been scheduled, the property shall be deemed to have been abandoned with the approval of the court, and on request the court may, without reopening the case, enter an order approving the abandonment.

Abandonment is "simply a declaration by the trustee that the bankrupt estate wants nothing further to do with the property and that the lienors are free to proceed against it just as they normally would under applicable state law." *In re Polumbo*, 271 F.Supp. 640, 643 (W.D.Va. 1967). After the trustee abandons property, title to that property is treated as if it were never held by the trustee since abandonment relates back to the filing of the petition. *Brown v. O'Keefe*, 300 U.S. 598, 602–603, 57 S.Ct. 543, 546, 81 L.Ed. 827 (1937); *Rosenblum v. Dingfelder*, 111 F.2d 406, 409 (2d Cir.1940). After abandonment the trustee cannot challenge the disposition of the property. *In re Southland Supply, Inc.*, 657 F.2d 1076, 1082 (9th Cir.1981), and is precluded from attempting to reclaim the property for the benefit of the estate. *In re Yalden*, 109 F.Supp. 603, 604 (D.Mass. 1953); 4A *Collier on Bankruptcy* ¶ 70.-42[4] (14th ed. 1978). The effect of abandonment under Rule 608 is the same as if the trustee had affirmatively abandoned the property. It is clear from the record that the property was scheduled but was not administered before the case was closed. Therefore, under Rule 608 that property is deemed to have been abandoned with Court approval.

2. In their schedules the Flamands indicated that Greater Providence had recently appraised the property at $5,000 and that they adopted this valuation.

Normally, once abandoned, title to the property reverts to the bankrupt, *In re Amm*, 130 F.Supp. 73, 76 (E.D.Pa.1955), who "holds the title in the same manner as if it had never been in the trustee. Due to this relation back [of title], the bankrupt may dispose of the property in the interval between bankruptcy and abandonment." 4A *Collier* ¶ 70.42[4], *supra*, at 513–14. However, in this instance Greater Providence argues that the Flamands' interest in the property had been terminated by the foreclosure sale on October 8, 1974. That argument sidesteps the automatic stay imposed by former Rule 601 which prohibits a creditor from foreclosing upon the property, absent relief from stay. *See Issacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931). The position taken now by the bankrupts, that the property should be sold and, after paying encumbrances, the proceeds paid to their creditors, also misses the mark because the estate has no interest in the property to reclaim after abandonment. *See In re Polumbo, supra; In re Amm, supra; In re Yalden, supra.* Moreover, since the issue is squarely dealt with by Rule 608, the reliance of the Flamands on an unidentified Massachusetts statute dealing with unadministered bankruptcy estates, is without merit.

█ It is understandable that the bankrupts failed to contest the 1974 foreclosure of the Gloucester property, since it did not involve their residence. The trustee did not attempt to administer the property before the case was closed, because there was no equity in the property, which was purchased by the lienholder, Greater Providence at its appraised value (even the sale at its appraised value yielded a deficiency). Since the estate never had any interest in this property, the question becomes which party—the bankrupts or Greater Providence—has title to the property. After the case was closed, the Flamands never asserted a claim to the property nor did they contest Greater Providence's position, although the title had been acquired by a

technically invalid foreclosure, done in innocent violation of the automatic stay. But Greater Providence has been in possession since 1974 and has paid the real estate taxes incurred since then.[3] It is clear that Greater Providence would have been successful had it moved for relief from stay while the case was open, just as it succeeded in obtaining relief to reclaim other property in which it had a security interest. On the facts before us, it appears that the main function of the Court is to formalize, *nunc pro tunc*, and to ratify the action taken by the bank against the property thirteen years ago, in good faith, but in technical violation of the stay.

Therefore, for the foregoing reasons, on equitable grounds including laches, and pursuant to our authority under old Section 2(a)(15) in factual situations such as this, the motion of Greater Providence Deposit Corp. for an Order confirming the abandonment of the Gloucester property and for relief from stay, *nunc pro tunc* to October 8, 1974, is granted. *See Lane v. Illinois Banker's Life Assurance Co.*, 116 F.2d 475, 477 (10th Cir.1940) (court has discretion to grant relief from stay on property which has no equity for either estate or bankrupt).

---

3. Even if the foreclosure is found invalid, unpaid interest on the mortgage, which would have accrued since 1974, would also eliminate any equity for the bankrupts, based on increases in land values.