This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSEPH F. OLIVER and**
**MICHAEL R. ROUANZION,**

Plaintiffs-Appellees,

v.                                                                    **NO. 30,843**

**ALFRED R. WALCK, JANICE**
**WALCK a/k/a JANICE WALCK**
**ENCINIAS, and JOHN E. WALCK,**

Defendants-Appellants,

and,

**BOARD OF COUNTY COMMISSIONERS**
**for MORA COUNTY**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**John M. Paternoster, District Judge**

Scheuer, Yost & Patterson, P.C.
Charlotte H. Hetherington
Kristin L. Davidson
Santa Fe, NM

for Appellees Joseph F. Oliver and
Michael R. Rouanzion

Alfred R. Walck

John R. Walck
Albuquerque, NM

Pro Se Appellants
Clark, Grubesic, Jones & Baur, L.L.C.
John T. Grubesic
Santa Fe, NM

for Appellee Board of County
Commissioners for Mora County

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendants, John Walck and Alfred Walck, pro se, appeal from the district court's order entering a final judgment on the merits and granting injunctive and declaratory relief. We issued a notice of proposed summary disposition proposing summary affirmance. Defendant has filed a timely memorandum in opposition. We affirm.

In our calendar notice, we informed Defendants that their docketing statement did not conform to our rules of appellate procedure. Specifically, the docketing statement does not contain an intelligible statement of the issues, nor does it indicate whether and how the issues were preserved. *See* Rule 12-208(D)(4) NMRA (stating that the docketing statement shall contain a statement of the issues presented including a statement of how they arose and how they were preserved in the trial court).

Additionally, the docketing statement does not contain a statement of the case summarizing all facts material to a consideration of the issues presented as required by Rule 12-208(D)(3) NMRA. Accordingly, we informed Defendants in our notice of proposed summary disposition that they should set out all relevant information in their memorandum in opposition, should they oppose our proposed summary affirmance.

Defendants have now filed a memorandum in opposition with this Court. However, the memorandum in opposition does not contain the information we requested in our notice of proposed summary disposition. We still have no recitation of the facts and evidence presented below and no statement of how the issues presented for appeal arose or were preserved. Without this information, we cannot review Defendants' issues.

We note that Defendants attached documents to their memorandum in opposition including copies of the complaint, survey maps, orders in the district court, and copies of photographs. However, none of these documents provide us with the information we would need to address Defendants' appeal. It is the duty of the appellant to provide a record adequate to review the issues on appeal. *Williams v. Bd. of County Comm'rs of San Juan County*, 1998-NMCA-090, ¶ 10, 125 N.M. 445, 963 P.2d 522. "Upon a doubtful or deficient record, every presumption is indulged in

favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988). Pro se litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84; *see also Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that the appellate court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments); *Santistevan v. Centinel Bank of Taos*, 96 N.M. 734, 737, 634 P.2d 1286, 1289 (Ct. App.), *aff'd in part and rev'd in part*, 96 N.M. 730, 634 P.2d 1282 (stating that the Court of Appeals will not review unclear arguments).

For these reasons, we have no choice but to affirm the district court.

**IT IS SO ORDERED**.

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**